**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ERIC MARTIN, # 724371,

                Plaintiff,                          Case No.  20-cv-12499
                                                     Honorable Mark A. Goldsmith

v.

TANNER, ET AL.,

                Respondent.

_____/

## ORDER OF TRANSFER PURSUANT TO 28 U.S.C. § 1406(a)

This is a pro se civil rights complaint filed under 42 U.S.C. §1983.  Plaintiff Eric Martin is a state prisoner confined at the Ionia Correctional Facility in Ionia, Michigan. Having reviewed the complaint, the Court concludes that venue is not proper in this district and transfers the case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1406(a).

The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which plaintiff may bring the action.  See 28 U.S.C. § 1391(b).  Public officials "reside" in the county where they serve.  See O'Neill v. Battisti, 472 F.2d 789, 791 (6th Cir. 1972).  "[T]he court must determine whether the case falls within one of the three categories set out in § 1391(b).  If it does, venue is proper; if

1

it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. Of Texas, 571 U.S. 49, 55 (2013).  If venue is improper in the district where a case is filed, but would be proper in another district, "a district court has the power to sua sponte transfer [the] case" under section 1406(a).  Cosmichrome, Inc. v. Spectra Chrome, LLC, 504 F. App'x 468, 472 (6th Cir. 2012).

The complaint asserts that Defendants, who are registered nurses at the Earnest Brooks Correctional facility in Muskegon, Heights, have been deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment.  The Defendants are located in Muskegon County and the events giving rise to this action arose in Muskegon County.  Muskegon County is located in the Western District of Michigan.  See 28 U.S.C. § 102(b)(1).  Venue, therefore, is not proper in this district.  The case will be transferred to the Western District of Michigan, as venue is proper there.

The Clerk of the Court is ordered to transfer this case to the United States District Court for the Western District of Michigan.

SO ORDERED.

Dated:  November 5, 2020                             s/Mark A. Goldsmith
        Detroit, Michigan                            MARK A. GOLDSMITH
                                                     United States District Judge

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 5, 2020.

                                                     s/Karri Sandusky
                                                     Case Manager