UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

ERIC MARTIN,

         Plaintiff,                Case No. 1:20-cv-1073

v.                                      Honorable Robert J. Jonker

UNKNOWN TANNER et al.,

         Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss, for failure to state a claim, Plaintiff's claim that Defendants violated MDOC Policy Directive 03.03.103 and the Due Process Clause.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events

about which he complains, however, occurred at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan. Plaintiff sues Jane Doe and Nurses Bray and Tanner.

Plaintiff alleges that he suffers from a very painful hernia. Defendants told him that his hernia could not be treated by MDOC medical providers and that he would have to have surgery at an outside medical facility. Defendants also told Plaintiff that MDOC would not pay his medical expenses and that Plaintiff or his family would have to pay the expense for surgery. Defendants were aware that Plaintiff is serving a sentence of life without the possibility of parole, so there is no chance he will be able to obtain treatment or surgery without MDOC participation. Nevertheless, Defendants have refused to help him. Additionally, Defendants have prevented Plaintiff from having access to any other health care provider. Plaintiff's hernia is extremely painful and makes it difficult for him to work out, sit or sleep. Plaintiff asked to be seen by the Pain Committee, but Defendants told him that he did not need to be seen by that committee.

Plaintiff also contends that the Effexor medication he takes is a "big cause" of his health issues because his body "always" rejects it, and the medicine makes it hard for Plaintiff to urinate or have a bowel movement.

Plaintiff asserts claims for Eighth Amendment violations[1] and for violation of MDOC Policy Directive 03.03.130(E), (F), (K) and (L) and the Due Process Clause of the Fourteenth Amendment.[2]

---

[1] Plaintiff also mentions the First and Fourth Amendments as bases for relief. Plaintiff, however, alleges no facts to suggest that his rights under the First or Fourth Amendments were violated.

[2] MDOC Policy Directive 03.03.130 relates to the humane treatment and living conditions for prisoners. Paragraph E requires the provision of nutritionally adequate meals. Paragraph F establishes the requirements for indoor and outdoor recreation. Paragraph K sets forth the staff responsibility to protect the lives of both employees and prisoners, to secure state property, to prevent escape, and to maintain good order and discipline. Finally, paragraph L bars discrimination on the basis of race, religion, color, national origin, age, sex, sexual orientation, gender identity, height, weight, marital status, or disability.

Plaintiff seeks money damages and declaratory relief.

## II.  Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. MDOC Policy Directive 03.03.103

Plaintiff alleges that Defendants violated certain subsections of MDOC Policy Directive (PD) 03.03.103. By invoking the Fourteenth Amendment, Plaintiff also arguably suggests that the violations of policy deprived him of his rights under the Due Process Clause of the Fourteenth Amendment.

Defendants' alleged failure to comply with a state administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580.

Moreover, to the extent that Plaintiff alleges that the violation of prison policy implicated his right to due process under the Fourteenth Amendment, his claim also fails. The elements of a procedural due process claim are: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim."

4

*Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)).

In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486-87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). Plaintiff wholly fails to allege facts suggesting a violation of PD 03.03.130, much less that such violation imposed an atypical and significant hardship on him.

Consequently, Plaintiff's claim that Defendants failed to comply with MDOC Policy Directive 03.03.103 will be dismissed.

## IV.     Eighth Amendment

Plaintiff alleges that Defendants denied him necessary medical care to treat his hernia and his mental health needs. Upon initial review, the Court concludes that Plaintiff's allegations against Defendants Doe, Bray and Tanner are sufficient to state an Eighth Amendment claim.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court will dismiss, for failure to state a claim, Plaintiff's claim that Defendants violated MDOC Policy Directive 03.03.103 and the Due Process Clause. Plaintiff's Eighth Amendment claims against Defendants remain in the case.

An order consistent with this opinion will be entered.

Dated:   December 17, 2020          /s/ Robert J. Jonker
                                                        ROBERT J. JONKER
                                                        CHIEF UNITED STATES DISTRICT JUDGE