UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC MARTIN #724371,

                Plaintiff,                              Hon. Robert J. Jonker

v.                                               Case No. 1:20-cv-1073

MEGEN TANNER, et al.,

                Defendants.

_____/

**REPORT AND RECOMMENDATION**

Now before me is MDOC Defendant Tanner's Motion for Summary Judgment Based Solely on Plaintiff's Failure to Exhaust his Administrative Remedies (ECF No. 21), and Defendant Michelle Bray, N.P.'s Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 24). Plaintiff has filed a response, and Defendants have filed replies. (ECF Nos. 25, 28 and 29.)

Pursuant to 28 U.S.C. § 636(1)(B), I recommend that Defendants' motions be **DENIED.**

## I.  Background

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections, sued Defendants pursuant to 42 U.S.C. § 1983, alleging that they violated his Eighth Amendment rights while he was housed at the Earnest Brooks Correctional Facility (LRF) in Muskegon Heights, Michigan. Plaintiff alleges that he suffers from a very painful hernia. He alleges that Defendants told him that his hernia could not be treated by MDOC medical providers and that he would have to have surgery at an outside medical facility. Plaintiff alleges that Defendants also told him that the MDOC would not pay his medical expenses and that he or his family would have to pay the expenses of the surgery. Plaintiff claims that Defendants were aware that he is serving a sentence

1

of life without the possibility of parole, so there is no chance he will be able to obtain treatment or surgery without MDOC participation. Nevertheless, Defendants have refused to help him. Plaintiff asked to be seen by the Pain Committee, but Defendants told him that he did not need to be seen by that committee.

Defendants contend that Plaintiff's claims are subject to dismissal without prejudice because he failed to exhaust his administrative remedies.

## II.  Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting

*Cockrel v. Shelby Cty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001)). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## III.   Discussion

Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit with respect to prison conditions under 42 U.S.C. § 1983. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA," which the defendant bears the burden of establishing. *Id*. With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion," defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 sets forth the applicable grievance procedure for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of Internal Affairs." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ Q (effective 03/18/2019). If this attempt is unsuccessful (or is inapplicable), the prisoner may submit

3

a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* The issues asserted in a grievance "should be stated briefly but concisely," and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ S.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within 10 business days of the response, or if no response was received, 10 business days after the response was due. *Id.* at ¶ DD. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ HH. The Step III grievance must be submitted within 10 business days after receiving the Step II response, or if no Step II response was received, within 10 business days after the date the Step II response was due. *Id.*

In support of their motions, Defendants have submitted Plaintiff's Step III Grievance Report, which shows that Plaintiff had not appealed any grievance to Step III prior to filing his complaint in this case. (ECF No. 21-3; ECF No. 24-1.) In addition, Defendant Tanner has submitted an affidavit from Richard D. Russell, the Manager of the MDOC's Grievance Section. Russell affirms that, based on a review of Plaintiff's grievance file, Plaintiff did not file a Step II appeal. (ECF No. 22-4 at PageID.61.)

Plaintiff does not dispute that he did not file a Step II or Step III appeal under the MDOC's grievance policy. In his verified complaint, Plaintiff alleges that he filed a Step I grievance concerning the issues in this case on February 4, 2020. Plaintiff further alleges that although he sent kites requesting that his grievance be processed and investigated, he did not receive a response. (ECF No. 1 at PageID.2.) Plaintiff attached to his complaint an unprocessed Step I grievance form dated February 8, 2020. (ECF No. 1-1 at PageID.8.) It appears that the attachment is the goldenrod copy of the grievance form that the prisoner retains. *See Alexander v. Calzetta,*

4

No. 2:16-CV-13293, at *3–4 (E.D. Mich. Nov. 30, 2018), *report and recommendation adopted*, 2019 WL 1011106 (E.D. Mich. Mar. 4, 2019). In other words, Plaintiff does not claim that the attachment purports to be a processed Step I response. Defendant Tanner contends that, regardless of whether Plaintiff received a timely response, the grievance policy required him to request a grievance appeal form from the Step I Grievance Coordinator and submit his appeal to the Step II Grievance Coordinator. *See* Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ DD.

Plaintiff responds that he was unable to pursue a Step II appeal because he lacked a grievance identifying number that is assigned at Step I. (ECF No. 25 at PageID.86–87.) Plaintiff notes that, pursuant to the grievance policy, upon receipt of a grievance, the Step I Grievance Coordinator assigns "a unique identifying number" to the grievance. Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ X. Plaintiff contends that because he never received a receipt for his Step I grievance containing the grievance number or a response containing the number, he was unable to request a Step II form or file a Step II appeal.

In *Ross v. Blake*, 136 S. Ct. 1850 (2016), the Supreme Court observed that a grievance process is rendered unavailable if the prisoner is effectively barred from pursuing a remedy by policy or by the interference of prison officials. *Id.* at 1858–59. In my judgment, an issue of fact remains as to whether the grievance process was available to Plaintiff. Plaintiff asserts that he submitted a Step I grievance but did not receive a receipt and/or a response containing a grievance identifier. He thus contends that he was precluded from requesting a Step II appeal form or pursuing a Step II appeal. (ECF No. 25 at PageID.86.) In *Alexander v. Hoffman*, No. 16-cv-12069, 2017 WL 3946258 (E.D. Mich. Sept. 8, 2017), the court denied the defendants' motion for summary judgment where the plaintiff claimed that he never received a receipt for his Step I grievance and thus lacked the grievance identifier that he would need in order to complete a Step II appeal form. *Id.* at *2. The instant circumstances are similar. Moreover, although Defendant

5

Tanner asserts that the grievance policy contains no express requirement that a prisoner must have a grievance identifier in order to file a Step II appeal, it appears that MDOC facilities nonetheless impose such a requirement. *See Cain v. Palmer*, No. 1:19-cv-628, 2020 WL 5413583, at *2 (W.D. Mich. Aug. 14, 2020), *report and recommendation adopted*, 2020 WL 5411547 (W.D. Mich. Sept. 9, 2020) (finding after a bench trial that "[i]f the prisoner does not have the identifying number for the Step I grievance, the Grievance Coordinator will not issue a Step II form to the prisoner," and the "policy does not contain a provision expressly addressing how a prisoner should proceed if he has not received a timely response but does not have the identifying number for the Step I grievance"). In short, Defendants, as the parties with the burden of proof, have failed to show that the evidence is such that no reasonable trier of fact could find for Plaintiff.[1] *Calderone*, 799 F.2d at 259.

## IV.  Conclusion

For the foregoing reasons, I recommend that the Court **deny** Defendants' motions for summary judgment because genuine issues of material fact remain, namely: (1) whether Plaintiff, in fact, filed a Step I grievance; and (2) if so, whether Plaintiff could have filed a Step II appeal without a grievance identifier.

Dated: September 13, 2021                                        /s/ Sally J. Berens
                                                                SALLY J. BERENS
                                                                U.S. Magistrate Judge

---

[1] To the extent Plaintiff claims that the motion should be denied because Defendants have not provided discovery, this ground for denying Defendants' motion is rejected. Pursuant to paragraph 2(c) of the May 7, 2021 Standard Case Management Order in a Prisoner Civil Rights Case (ECF No. 19), Plaintiff was allotted 45 days to conduct exhaustion discovery before responding to Defendants' motions. There is no indication that Plaintiff served discovery requests on Defendants during the allotted time, and he filed his response before the discovery period ended.

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).