UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC MARTIN #724371,

    Plaintiff,                                  Hon. Robert J. Jonker

v.                                                   Case No. 1:20-cv-1073

MEGEN TANNER, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Now before me are Defendant Megan Tanner's Motion for Summary Judgment and Defendant Michelle Bray's Motion for Summary Judgment. (ECF Nos. 49 and 51.) Plaintiff has not responded to the motions within the time permitted by Western District of Michigan Local Civil Rule 7.2(c). Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that both motions be **GRANTED**. In addition, I recommend that Defendant Jane Doe be **dismissed with prejudice** because Plaintiff has failed to timely identify and effect service on her.

**I. Background**

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections (MDOC), sued Tanner and Bray pursuant to 42 U.S.C. § 1983, alleging that they violated his rights under the Eighth Amendment while he was housed at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Michigan. Specifically, Plaintiff alleges that he suffers from a very painful hernia, for which he needed surgery. Plaintiff alleges that Defendants told him that he could have surgery if he paid for it himself and that the MDOC would not pay the expenses of the surgery. Plaintiff also alleges that Defendants stopped him from seeing the "Pain Committee."

Plaintiff first sought treatment for his hernia on April 25, 2020, when he submitted a health care request complaining about pain from a hernia on his right side. (ECF No. 50-2.) On April 28, 2020, Claire Carlson, R.N., saw Plaintiff for his complaint of groin pain. Plaintiff told Nurse Carlson that he splinted/reduced the hernia himself without difficulty. Plaintiff requested surgery with his own funds but admitted that he was in prison for life and may not have health insurance outside of the MDOC. Plaintiff was given ten packets of Tylenol 650mg with instructions to take them every four-to-six hours as needed. Nurse Carlson advised Plaintiff to eat high fiber foods, drink adequate water, and exercise without putting strain on the groin area. Dr. Worel, who was in the clinic at the time, confirmed to Plaintiff that surgery currently was not appropriate and told him that he may qualify for a hernia belt if the conditioned worsened. (ECF No. 50-3 at PageID.179.)

On June 4, 2020, Plaintiff had a chronic care visit with Dr. Worel for complaints of a chronic rash on his groin and ongoing groin pain caused by a hernia on his right side. Dr. Worel offered Plaintiff a hernia belt, but he declined it. Dr. Worel also discussed the MDOC's criteria for treatment. Plaintiff confirmed his understanding. (ECF No. 50-4 at PageID.182–84.) During that visit, Plaintiff was scheduled for a December 3, 2020 chronic care follow-up visit for his hernia. (*Id.* at PageID.184.) Plaintiff was subsequently transferred to Ionia Correctional Facility. Following the June 4, 2020 visit, Plaintiff never contacted health care about his hernia. (ECF No. 50-5 at PageID.194.) The December 3 visit never occurred because Plaintiff refused the call out. (ECF No. 50-6 at PageID.204.)

Defendant Bray's involvement in Plaintiff's health care was limited. On December 16, 2019, she ordered a Hepatitis B immunization series. On July 11 and 13, 2020, she reviewed his negative COVID-19 results. On August 7, 2020, she co-signed the negative COVID results. Finally, she reviewed a COVID test order on September 3, 2020. (ECF No. 51-1 at PageID.240,

2

248–49, 251–64.) Bray never treated Plaintiff for his hernia. (ECF No. 51-2 at PageID.273–74.) Likewise, Defendant Tanner never treated Plaintiff for his hernia or, apparently, any other health issue. (ECF no. 50-7 at PageID.207.)

## II.  Motion Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)).

## III.  Discussion

Plaintiff's Eighth Amendment claim fails against both Defendants because he has presented no proof that they were personally involved in violating his Eighth Amendment rights. It is well established in the Sixth Circuit that to state a cognizable claim under Section 1983, a plaintiff must allege personal involvement by each of the named defendants. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). A plaintiff must present evidence of the defendant's

involvement in the alleged constitutional deprivation to defeat a summary judgment motion. *Bennett v. Schroeder*, 99 F. App'x 707, 713 (6th Cir. 2004); *see also Lentz v. Anderson*, 888 F. Supp. 847, 850 (N.D. Ohio 1995) ("Because there is no evidence that Governor Voinovich, Department of Rehabilitation Director Wilkinson, OPI Director Anderson, and OPI Manager Mustard were personally involved in the prison's decision-making process which led to plaintiff's allegations of cruel and unusual punishment, they will be dismissed from any § 1983 liability.").

The summary judgment record discloses no evidence that Defendant Tanner or Defendant Bray were involved in treating Plaintiff's hernia. Summary judgment is warranted on this basis alone. Moreover, in his deposition, Plaintiff testified that Tanner and Bray were both in the room when Nurse Carlson was attending to Plaintiff about his hernia. (ECF No. 50-5 at PageID.195–96.) Plaintiff testified that Carlson, Tanner, and Bray told him that the MDOC would not pay for his hernia surgery, and he would have to pay for it himself. (189–90.) However, Plaintiff's medical records do not show that either Tanner or Bray was the attending provider during the April 28, 2020 visit. In fact, Plaintiff conceded that there is no medical record indicating that Tanner or Bray treated Plaintiff for a hernia. (ECF No. 196.)

In any event, the summary judgment evidence shows that Plaintiff, in fact, received medical care for his hernia and that no provider was deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). In sum, Plaintiff has failed to put forth evidence creating a genuine issue of material fact that Defendants violated his Eighth Amendment rights.

Finally, on May 23, 2022, I issued an Order to Show Cause within 14 days why unidentified and unserved Defendant Jane Doe should not be dismissed from the case for failure to timely

identify and effect service on her. (ECF No. 53.) Plaintiff failed to respond within the required time. Accordingly, I recommend that Jane Doe be dismissed with prejudice.

### IV.  Conclusion

For the reasons set forth above, I recommend that the Court **grant** Defendants' motions for summary judgment (ECF Nos. 49 and 51), dismiss Defendant Jane Doe from the case, and dismiss Plaintiff's complaint with prejudice.

I further recommend that an appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).


Dated: June 22, 2022            /s/ Sally J. Berens
                                SALLY J. BERENS
                                U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).